Eugene Y. Turin (SB # 342413)
MCGUIRE LAW, P.C.
55 W. Wacker Dr., 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002 Ex. 3
Fax: 312-275-7895
eturin@mcgpc.com

*Counsel for Plaintiff and the Putative Class Members*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY HYMAN, individually and on behalf of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>SINCLAIR, INC. a Maryland corporation,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>1. **Violation of the Video Privacy Protection Act.**<br><br>DEMAND FOR JURY TRIAL |

## CLASS ACTION COMPLAINT

Plaintiff Tracy Hyman ("Plaintiff") brings this Class Action Complaint against Defendant Sinclair, Inc. ("Sinclair" or "Defendant") to stop Defendant's unlawful disclosure of its customers' personally identifiable information and to seek redress for all those who have been harmed by Defendant's misconduct. Plaintiff alleges as follows based on personal knowledge as to himself and his own acts and experiences and as to all other matters, on information and belief, including an investigation by his attorneys.

## NATURE OF THE CASE

1. This is a class action suit brought against Defendant for violations of the Video Privacy Protection Act ("VPPA"), 18 U.S.C. § 2710. *et seq*, which prohibits the disclosure of consumers' video viewing history without their informed, written consent.

2. Defendant is the operator of Tennischannel.com, one of the most popular sports streaming services in the country dedicated to providing prerecorded and live coverage of tennis and other racquetball sports.

3. Like other video streaming services such as Netflix, Defendant offers a paid subscription that permits users to pay to have access to its provided video content.

4. Critically, Defendant utilizes a wide array of extremely sophisticated tracking technology that collects its subscribers' personally identifiable information ("PII"), including information which identifies a person as having viewed specific videos on Defendant's streaming service. Defendant knowingly discloses this information to third party analytic and advertising providers so that they can target specific users with tailored advertisements based on their viewing history.

5. However, Defendant discloses its subscribers' PII without their consent, and in doing so, Defendant has violated the VPPA and Plaintiff's and the other Class members' statutory rights.

6. Accordingly, Plaintiff brings this class action for legal and equitable remedies to redress and put a stop to Defendant's practices of knowingly disclosing its subscribers' PII to third-parties in violation of the VPPA.

## JURISDICTION AND VENUE

7. This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the federal Video Privacy Protection Act, 18 U.S.C. § 2710. *et seq*.

8. This Court has personal jurisdiction over Defendant because it is

knowingly doing business within the State of California; Defendant engaged in the wrongdoing alleged in this Complaint in the State of California; and Defendant has sufficient minimal contacts with the State of California, rendering the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice. Moreover, Defendant is engaged in substantial commercial activity within the State of California.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred within this judicial District as Plaintiff's PII was collected and disclosed without his consent in this District.

**PARTIES**

10. Plaintiff is a resident within the State of California.

11. Defendant Sinclair, Inc. is a Maryland corporation with its principal place of business located in Hunt Valley, Maryland.

**COMMON FACTUAL ALLEGATIONS**

**I.     The Video Privacy Protection Act**

12. The VPPA prohibits "[a] video tape service provider" from "knowingly disclos[ing], to any person, personally identifiable information concerning any consumer of such provider." 18 U.S.C. § 2710(b)(1).

13. The VPPA defines PII as "information which identifies a person as having requested or obtained specific video materials or services from a video service provider." 18 U.S.C. § 2710(a)(3).

14. A video tape service provider is "any person, engaged in the business, in or affecting interstate or foreign commerce, of rental, sale, or delivery of prerecorded video cassette tapes or similar audio visual material." 18 U.S.C. § 2710(a)(4).

15. Further, the act defines a "consumer" as "any, renter, purchaser, or subscriber of goods or services from a video tape service provider." 18 U.S.C. § 2710 (a)(1).

1    16.    In 2012, Congress amended the VPPA, and in so doing, reiterated the Act's applicability to "so-called 'on-demand' cable services and internet streaming services [that] allow consumers to watch movies or TV shows on televisions, laptop computers, and cell phones." S. Rep. 112-259, at 2.

17.    Thus, the VPPA applies to video streaming service providers, such as Defendant, and its streaming platform through which subscribers watch video content.

## II.    Defendant Discloses its Subscribers' PII to Third Parties.

18.    Defendant is the operator of Tennischannel.com, one of the most popular sports streaming services in the country dedicated to providing prerecorded and live coverage of tennis and other racquetball sports.

19.    In order to gain access to Defendant's complete library of prerecorded tennis matches, consumers are required to subscribe to Tennischannel.com by creating an account and purchasing a paid subscription. (Tennischannel.com account holders are hereinafter referred to as "Subscribers").

20.    Importantly, as shown below, while creating their accounts, Subscribers are not specifically asked to consent to Defendant sharing and disclosing their PII to third parties, including information which identifies them as having viewed specific video content.




21. However, despite not obtaining informed, written consent from its Subscribers which is distinct and separate from any form setting forth other legal obligations, Defendant discloses its Subscribers' PII to various third parties.

22. Specifically, a live data-traffic analysis of Defendant's website shows that Defendant discloses its Subscribers' PII to Alphabet, Inc. ("Google") by utilizing a Google Analytics Pixel to track every interaction that a Subscriber has while viewing Tennischannel.com, as well as to Easelive.tv, a provider of ad-integration services to streaming companies such as Defendant.

23. Defendant's use of a Google Analytics Pixel allows Defendant to track Subscribers interactions with Tennischannel.com in exacting detail by sending the following information to Google:

- type of browser
- operating system
- device (desktop, tablet, mobile)
- screen resolution
- duration of the session
- pages viewed per session
- sequence of pages visited
- geo-location
- IP address
- and all interactions with the website, including clicks to play a certain video, and the video played.

24. In short, every single interaction between a Subscriber and Tennischannel.com is recorded and sent to Google, including information sufficient to identify a particular Subscriber and the video content that they watched.

25. Importantly, if a Subscriber is a Google user independent of their use of Tennischannel.com, Defendant's website obtains their Google ID and links all of their website interactions to their global Google ID.

26. In conjunction with its use of a Google Analytics Pixel, Defendant also utilizes Easelive.tv. Easelive.tv is a provider of video-overlay services that allow streaming services such as Defendant's Tennischannel.com to provide various messages to viewers on top of the video content that they are watching, including advertisements.

27. In order to utilize Easelive.tv's service, Defendant disclosed to Easelive.tv Subscribers' specific unique account information based on their login ID, including their email and password, and all of their activities on Defendant's website while logged in under their unique account, including specifically what videos they watched.

28. Defendant discloses its Subscribers' identities and viewing information to Google and Easelive.tv in order to enable its ad partners to deliver ads to specific Subscribers that are most likely to fit the criteria that they are looking for.

29. Defendant's own privacy policy further acknowledges its collection and disclosures of Subscribers' PII to third parties, stating that it shares "Name, alias, postal address," "site interactions . . . videos watched", and "geolocation," with "advertising platform partners" and "strategically aligned businesses" for the purpose of "advertising customization" in order "To provide you, or allow selected third parties to provide you, with information about products or services, that may be of interest to you."[1]

30. Critically, at no point does Defendant obtain its Subscribers', including Plaintiff's, prior written consent as required under the VPPA to share their PII and video viewing history with any third parties, including Google and Easelive.tv, and its Subscribers remain unaware that their PII and other sensitive data is being disclosed and/or collected by such third parties.

31. Defendant's Subscribers are unaware of the status of their PII and

---

[1] https://sbgi.net/privacy-policy/ (last accessed March 13, 2024).

1  viewing history, to whom it has been disclosed, and who has possession and retained
2  such information as a result of Defendant's illegal disclosures.

3    32.    By disclosing its Subscribers' PII, which undeniably reveals both an
4  individual's identity and the video materials they have requested from Defendant's
5  services, Defendant has intentionally and knowingly violated the VPPA.

### FACTS SPECIFIC TO PLAINTIFF

7    33.    Plaintiff Tracy Hyman has had a paid subscription to Defendant's
8  Tennischannel.com streaming service in the past two years.

9    34.    Plaintiff has used his paid subscription with Defendant to frequently
10  view prerecorded video materials since signing up.

11    35.    Defendant knowingly and intentionally disclosed Plaintiff's PII,
12  including specifically his viewing history or PII, to Google and Easelive.tv.

13    36.    Plaintiff never specifically and separately consented, agreed, authorized,
14  or otherwise permitted Defendant to collect his PII, including specifically information
15  that could be used to identify him as an individual who has requested to view a specific
16  video(s), and disclose his PII to Google, Easelive.tv, or any other third-parties.
17  Plaintiff did not provide his informed written consent to such disclosures in a form
18  distinct and separate from any form setting forth his other legal obligations.

19    37.    To this day, Plaintiff is unaware of the status of his PII, to whom it has
20  been disclosed, and who has possession and retained his PII as a result of Defendant's
21  illegal disclosures.

22    38.    By disclosing Plaintiff's PII, which reveals both his identity and the
23  prerecorded videos that he viewed on Tennischannel.com, to third-parties, Defendant
24  has intentionally and knowingly violated the VPPA and Plaintiff's privacy rights.

### CLASS ALLEGATIONS

26    39.    Plaintiff brings this action on his own behalf and on behalf of a
27  nationwide class (the "Class") defined as follows: All persons in the United States
28  who had a paid subscriber account with Tennischannel.com that they used to view

prerecorded video materials from March 18, 2022 to the present.

40. Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer or director of Defendant; and any immediate family member of such officers or directors.

41. Upon information and belief, there are hundreds of thousands of members of the Class, making the members of the Class so numerous that joinder of all members is impracticable. Although the exact number of members of the Class is currently unknown to Plaintiff, the members can be easily identified through Defendant's records.

42. Plaintiff's claims are typical of the claims of the members of the Class Plaintiff seeks to represent, because the factual and legal bases of Defendant's liability to Plaintiff and the other members are the same, and because Defendant's conduct has resulted in similar injuries to Plaintiff and to the Class. As alleged herein, Plaintiff and the Class have all suffered damages as a result of Defendant's VPPA violations.

43. There are many questions of law and fact common to the claims of Plaintiff and the other Class Members, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not limited to, the following:

(a) Whether Defendant disclosed Class members' PII;

(b) Whether the information disclosed to third parties concerning Class Members PII constitutes personally identifiable information under the VPPA;

(c) Whether Defendant knowingly disclosed the Class Members' PII to third-parties;

(d) Whether Class members provided written informed consent to Defendant's disclosure of their PII to third parties as required by the VPPA;

(e) Whether the Class is entitled to damages and other relief as a result of

Defendant's conduct.

44. Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitively expensive and would thus have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions in that it conserves the resources of the courts and the litigants and promotes consistency of adjudication.

45. Plaintiff will adequately represent and protect the interests of the members of the Class. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and Plaintiff's counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so. Neither Plaintiff nor Plaintiff's counsel have any interest adverse to those of the other members of the Class.

46. Defendant has acted and failed to act on grounds generally applicable to Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

## COUNT ONE
### Violations of the Video Privacy Protection Act
### (On behalf of Plaintiff and the Class)

47. Plaintiff hereby incorporates the above allegations by reference as though fully set forth herein.

48. The VPPA prohibits a "video tape service provider" from knowingly disclosing "personally-identifying information" of any subscriber to their services to a third party without their "informed, written consent[.]" 18 U.S.C. § 2710.

49. As defined in 18 U.S.C. § 2710 (a)(4), a "video tape service provider" is "any person, engaged in the business, in or affecting interstate commerce, of rental, sale, or delivery of prerecorded video cassette tapes or similar audiovisual materials."

50. As defined in 18 U.S.C. § 2710 (a)(3), "personally-identifiable information" is defined to include "information which identifies a person as having requested or obtained specific video materials or services from a video tape service provider."

51. As defined in 18 U.S.C. § 2710 (a)(1), a "consumer" means "any renter, purchaser, or subscriber of goods or services from a video tape service provider."

52. Defendant is a "video tape service provider" as defined in 18 U.S.C. § 2710 (a)(4) because it provided prerecorded sports videos to subscribers such as Plaintiff and the other Class members through its streaming service.

53. Plaintiff, like the other Class members were "consumers" under the VPPA as they were subscribers to Defendant's streaming service who viewed prerecorded sports videos through its service.

54. Defendant knowingly caused Plaintiff's and the other Class members' PII, including information that can be used to identify them as having requested or obtained specific prerecorded video materials or services, to be disclosed to third parties, including specifically Google and Easelive.tv. This information constitutes PII under 18 U.S.C. § 2710 (a)(3) because it identified each Plaintiff and Class Members to third parties as an individual who viewed specific prerecorded video materials requested from Defendant's streaming platform.

55. As set forth in 18 U.S.C. § 2710 (b)(2)(B), "informed, written consent" must be (1) in a form distinct and separate from any form setting forth other legal or financial obligations of the consumer; and (2) at the election of the consumer, is either given at the time the disclosure is sought or given in advance for a set period of time not to exceed two years or until consent is withdrawn by the consumer, whichever is sooner."

56. Defendant did not obtain informed, written consent from Plaintiff and the Class Members under the VPPA before disclosing their PII, including specifically their viewing history, to third parties.

57. Defendant knew that these disclosures identified Plaintiff and Class Members to third parties. By knowingly and intentionally disclosing Plaintiff's and Class Members' PII without their written consent, Defendant violated Plaintiff's and Class Members' statutorily protected right to privacy under the VPPA.

58. As a result of the above-mentioned violations, Defendant is liable to Plaintiff and the other Class Members for damages related to their loss of privacy in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and the Class, prays for the following relief:

1. An order certifying the Class as defined above;

2. For all forms of relief set forth above

3. An order enjoining Defendant from continuing to engage in the unlawful conduct and practices described herein;

4. An award of attorney's fees and costs; and

5. Award such further relief as the Court deems reasonable and just.

## **JURY DEMAND**

Plaintiff requests trial by jury of all claims that can be so tried.

DATED: March 18, 2024        Respectfully submitted,

TRACY HYMAN, individually and on behalf of similarly situated individuals

By: /s/ *Eugene Y. Turin*
One of Plaintiff's Attorneys

Eugene Y. Turin (SB # 342413)

---

CLASS ACTION COMPLAINT            11                    CASE NO.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MCGUIRE LAW, P.C.
55 W. Wacker Dr., 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002 Ex. 3
Fax: 312-275-7895
eturin@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*